Elsa **NIELSEN**, Plaintiff,

v.

**STEPPING STONES ASSOCIATES, L.P.,** Lake-wood Stepping Stones, Inc., John DeRosa and the Department of Planning of the City of White Plains, Defendants.

No. 96 CV 1818.

United States District Court, S.D. New York.

July 3, 1996.

---

John T. Hand, Jerrold M. Levy, Warren J. Sinsheimer, Westchester Putnam Legal Services, White Plains, NY, for Plaintiff.

Kenneth J. Finger, White Plains, NY, for Defendants.

## ORDER

PARKER, District Judge.

Plaintiff Elsa Nielsen brought this action against defendants Stepping Stones Associates, L.P., Lake–Wood Stepping Stones, Inc. (collectively "Stepping Stones"), John DeRosa, and the Department of Planning of the City of White Plains ("the Department of Planning"), alleging that defendants' refusal to accept her as a Section 8 tenant violated the United States Housing Act, 42 U.S.C. § 1437f(t)(1)(A). In April, Nielsen moved for a preliminary injunction, which was combined with the trial on the merits. On May 13, 1996, this Court granted the motion and entered judgment in favor of Nielsen.

It then came to this Court's attention that on April 26, 1996, Congress suspended § 8(t) of the United States Housing Act of 1937, 42 U.S.C. § 1437f(t), "for fiscal year 1996 only." *See* Omnibus Consolidated Rescissions and Appropriations Act of 1996 ("the Act"), Pub.L. 104–134. Accordingly, by Order dated May 23, 1996, this Court withdrew its Order and Judgment of May 13, 1996, pending defendants' motion for reargument in light of the Act.

Defendants have now moved to vacate the Order and Judgment and to dismiss the complaint on the grounds that the provision of the Act suspending § 1437f(t) applies retroactively to cases filed during fiscal year 1996 (October 1, 1995 to September 30, 1996). *Landgraf v. USI Film Products,* 511 U.S. 244, ——, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), held that legislation that would impair substantive rights should apply only to conduct occurring after the statute's effective date, absent clear Congressional intent to make the legislation retroactive. The Court rested this holding on the unfairness that attends retroactive legislation.

■ Here, Congress has not clearly expressed its intention to make the legislation retroactive. The Act merely states that the provision suspending § 1437f(t) applies for fiscal year 1996 only, but does not state on what date it becomes effective. That Congress intended to suspend § 1437f(t) for fiscal year 1996 only, effective April 26, 1996, the date of the Act's approval, is the most plausible interpretation of that language.

*Landgraf* also held, however, that "[e]ven absent specific legislative authorization, application of new statutes passed after the events in suit is unquestionably proper in many situations." *Landgraf,* 511 U.S. at ——, 114 S.Ct. at 1501. The Court explained that "[a]lthough we have long embraced a presumption against statutory retroactivity, for just as long we have recognized that, in many situations, a court should apply the law in effect at the time it renders its decision." *Landgraf,* 511 U.S. at ——, 114 S.Ct. at 1501. Specifically, in situations where the application of a new statute would not have retroactive effects, for example, a situation involving a change in a procedural or jurisdictional rule, a court should apply the law in effect at the time of its decision. *Landgraf,* 511 U.S. at ——, 114 S.Ct. at 1501–02.

The Court also specifically noted that "[w]hen the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision [to pending cases] is not retroactive." *Landgraf,* 511

U.S. at ——, 114 S.Ct. at 1501. The Court observed that "relief by injunction operates in futuro," *see Landgraf*, 511 U.S. at ——, 114 S.Ct. at 1501, so that "the right to it must be determined as of the time of the hearing." *Duplex Printing Press Co. v. Deering*, 254 U.S. 443, 464, 41 S.Ct. 172, 175, 65 L.Ed. 349 (1921). *Accord American Steel Foundries v. Tri–City Central Trades Council*, 257 U.S. 184, 201, 42 S.Ct. 72, 75–76, 66 L.Ed. 189 (1921); *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 201–02, 24 L.Ed.2d 214 (1969); *Yellow Springs Exempted Village School District v. Ohio High School Athletic Assoc.*, 647 F.2d 651, 655 n. 2 (6th Cir.1981).

Here, § 1437f(t) was suspended prior to this Court's Order and Judgment on Nielsen's claim for injunctive relief. Because this Court must apply the statute in effect at the time of the hearing to a claim for injunctive relief, defendants' motion to vacate the Order and Judgment of May 13, 1996, and to dismiss the complaint is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.